## CARGLE v. KNOX.

HILL, J. A landlord rented land to a tenant for a term of years, for a stated sum of money annually. In addition to the rent, the tenant became indebted to the landlord for supplies, who sued the tenant and obtained a judgment based on promissory notes given for the supplies. Pending the suit the tenant made to his wife a bill of sale of the growing and matured crops on the rented land. Execution was levied on the crops grown on the land during the year in which the judgment was obtained, at the instance of the landlord; and a part of the crop was turned over to the landlord. The property levied on was not sold at public sale, nor before the court-house door, but was turned over by the levying officer to the landlord, who appropriated the money to certain claims, after deducting the expenses of gathering, ginning, hauling, etc. The vendee in the bill of sale from the tenant brought the present suit against the landlord, to recover damages on account of his taking the property and appropriating the proceeds to his execution and his claim for rent. The case was tried by the court on the theory that the transfer of the crop by the husband to the wife involved the question whether such transfer was fraudulent and void. The jury found for the defendant. A motion for a new trial was overruled, and the plaintiff excepted. *Held:*

(a) Even if the title to the crop was in the tenant, that title was not divested when the bailiff turned the property over to the landlord without a legal sale, but simply by delivery.

(b) As between the vendee in the bill of sale and the landlord (who held the property by an illegal possession acquired from the bailiff), the title was in the vendee.

(c) There having been no legal sale of the property in question, the landlord, under the facts, acquired no title thereto; and the plaintiff, who held the title under the bill of sale, could recover damages for the wrongful interference with the property.

*(d)* Under the facts and the foregoing rulings, a verdict for the defendant was contrary to law, and the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*

JUNE 25, 1915.

Action for damages. Before Judge Wright. Chattooga superior court. March 16, 1914.

*C. D. Rivers,* for plaintiff.

*J. M. Bellah* and *Wesley Shropshire,* for defendant.